```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
JUN LIN, et al.                                             :
                                                            :
                    Plaintiffs,                             :
                                                            :     **MEMORANDUM**
            - against -                                     :     **DECISION AND ORDER**
                                                            :
JEH JOHNSON, et al.                                         :     19-cv-2878 (BMC) (LB)
                                                            :
                    Defendants.                             :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiffs *pro se* bring this action to compel defendants to adjudicate their I-485 applications. Before me is defendants' motion to dismiss. For the reasons stated below, defendants' motion to dismiss is granted.

## BACKGROUND

On May 15, 2019, plaintiffs brought this action under 28 U.S.C. 1361 to compel defendants to adjudicate their I-485 applications to become lawful permanent residents of the United States. According to the complaint, plaintiffs submitted these applications on April 30, 2018 but their applications were still pending by the time they filed this action.

On June 28, 2019, defendants moved to dismiss for lack of subject matter jurisdiction in light of a request for evidence (a "RFE") that the United States Customs and Immigration Service (the "USCIS") issued on June 6, 2019.

The Court instructed plaintiffs to file their opposition, if any, to defendants' motion by July 16, 2019. The Court also instructed plaintiffs to file an amended complaint, together with their opposition, in light of certain deficiencies the Court identified in the complaint. As of the date of this order, plaintiffs have not filed their opposition or an amended complaint.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is appropriate "when the district court lacks the statutory or constitutional power to adjudicate" the case. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court … may refer to evidence outside the pleadings." Id. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

"Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (internal quotation marks and alterations omitted). When plaintiffs seek to compel adjudication of their application for an adjustment of their immigration status and the USCIS issues an RFE, the action is moot. See Ye v. Kelly, 17-cv-3010, 2017 WL 2804932, at *1 (E.D.N.Y. June 28, 2017).

Here, the USCIS issued an RFE to plaintiffs after they filed the complaint. Thus, "the 'ball is in [their] court,' and that there is nothing presently that the Court can do for [plaintiffs] until [they] respond[] to the RFE and defendants undertake further proceedings." Id. Defendants' motion to dismiss is therefore granted.[1]

---

[1] Because the Court grants defendants' motion to dismiss for lack of subject matter jurisdiction, it does not reach defendants' alternative argument that the length of the delay in adjudication of plaintiffs' application is not unreasonable.

## CONCLUSION

Defendants' [7] motion to dismiss is granted.  The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

                                                                      U.S.D.J.

Dated:  Brooklyn, New York
         July 29, 2019